1  AARON D. FORD
   Attorney General
2  VICTORIA C. COREY (Bar No. 16364)
   Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  1 State of Nevada Way., Ste. 100
   Las Vegas, Nevada 89119
5  (702) 486-9245 (phone)
   (702) 486-3768 (fax)
6  Email: vcorey@ag.nv.gov

7  *Attorneys for Defendants*
   *State of Nevada ex rel.*
8  *Nevada Department of Corrections,*
   *Antonio Bryant, Ivan Dubon,*
9  *Calvin Johnson, and Gabriel Yanez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMA BANKS, *et al*, | Case No. 2:23-cv-02015-CDS-BNW |
| Plaintiff, | |
| v. | **STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER** |
| THE STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, *et al*, | |
| Defendants. | |

Pursuant to FRCP 26(f) and LR 26-1(a), Plaintiff Wilma Banks, et al., by and through counsel Ben Scroggins of The Law Firm of C. Benjamin Scroggins, Chtd., and Defendants, State of Nevada ex rel. Nevada Department of Corrections, Antonio Bryant, Ivon Dubon, Calvin Johnson and Gabriel Yanez, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Victoria C. Corey, Deputy Attorney General, hereby, respectfully submit the following Stipulated Discovery Plan and Proposed Scheduling Order:[1]

///

///

---

[1] Defense counsel apologizes to the Court and Plaintiffs for the delay in submitting this stipulated discovery plan, as originally due by September 1, 2024, as defense counsel was out on medical leave. Defendants will ensure that this does not happen again.

**I.     MEETING**

The following parties' counsel met via telephone conference for the FRCP 26(f) conference on August 23, 2024, at 11:30 a.m.:

**A.** Benjamin Scroggins, Esq. of The Law Firm of C. Benjamin Scroggins, Chtd., representing Plaintiffs; and

**B.** Victoria C. Corey, Esq. of the Office of the Attorney General representing Defendants, State of Nevada ex rel. Nevada Department of Corrections, Antonio Bryant, Ivon Dubon, Calvin Johnson and Gabriel Yanez.

**II.    INITIAL DISCLOSURES**

The parties will complete and serve initial disclosures pursuant to FRCP 26(a)(1) on or before October 7, 2024.

**III.   DISCOVERY PLAN**

**A.     Discovery Cut-Off**

The parties propose that the discovery period run until Monday, April 7, 2025, which is approximately 180 days from the date initial disclosures are due, October 7, 2024. This exceeds the 180 days from the date the first defendant answers or appears, as provided by LR 26-1(b)(1) for completing discovery for the reasons explained in Section V below.

**B.     Dates Agreed By The Parties**

The parties jointly propose the following discovery plan:

| | |
|---|---|
| Discovery Cut-Off | April 7, 2025 |
| Initial Disclosures | October 7, 2024 |
| Amend Pleadings or Add Parties *(90 days before discovery cut-off)* | January 7, 2025 |
| Initial Expert Disclosures *(60 days before discovery cut-off)* | February 6, 2025 |
| Rebuttal Expert Disclosures *(30 days after initial disclosures)* | March 10, 2025 |
| Dispositive Motions *(30 days after discovery cut-off)* | May 7, 2025 |
| Joint Pre-Trial Order *(30 days after dispositive motion deadline if no dispositive motion is filed)* | June 6, 2025 |

## IV. JUSTIFICATION FOR LONGER DISCOVERY PERIOD

This is an inmate civil rights matter brought pursuant to 42 U.S.C. § 1983, as well as a wrongful death lawsuit. The parties believe the Court should permit a longer period for discovery than provided in LR 26-1(b)(1) due to the nature of this case and the issues involved. This is a complex civil rights matter involving multiple defendants. Discovery will require gathering numerous institutional records as well as expert discovery regarding the Plaintiff's medical conditions and treatment. The parties will need sufficient time to obtain, review, and analyze these records, and to take the depositions of several witnesses, including plaintiff, defendants, and ultimately, the parties' expert witnesses. The parties respectfully submit that the proposed discovery plan is an efficient and realistic schedule for completing the significant amount of discovery contemplated in this case.

## V. OTHER ISSUES

### A. Alternative Dispute Resolution

The parties have conferred about the possibility of using alternative dispute resolution processes, and do not wish to utilize such as this time. However, the parties have agreed that, after some discovery has occurred, the parties may request a settlement conference to take place.

### B. Alternative Forms of Case Disposition

The parties have considered trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73, and the use of the short trial program. The parties will file appropriate documentation should they decide to consent to trial by magistrate judge.

### C. Electronic Evidence

The parties have considered the possibility of presenting evidence to the jury in electronic format. In the event that any electronic evidence is submitted by either party, the parties understand that such evidence must be submitted in a format that is compatible with the Court's electronic jury evidence display system. The parties will consult the Court's website or contact the courtroom administrator for instructions about how to prepare evidence in a format that meets these requirements.

D.   **Court Conference**

The parties do not request a conference with the Court before entry of the scheduling order.

DATED this 12th day of September, 2024.   DATED this 12th day of September, 2024.

AARON D. FORD
Attorney General

By: */s/ Benjamin Scroggins*   By: */s/ Victoria C. Corey*
BENJAMIN SCROGGINS (Bar No. 7902)   VICTORIA C. COREY (Bar No. 16364)
*Attorney for Plaintiff*   Deputy Attorney General
*Attorneys for Defendants*

# ORDER

Upon Stipulation of the parties, it is hereby **ORDERED** deadlines for discovery shall be per the parties' stipulation.

**IT IS SO ORDERED.**

DATED:   September 13   , 2024

_____
UNITED STATES DISTRICT JUDGE