AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants*
*State of Nevada ex rel.*
*Nevada Department of Corrections,*
*Antonio Bryant, Ivan Dubon,*
*Calvin Johnson, and Gabriel Yanez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILMA BANKS, *et al*,<br><br>        Plaintiff,<br><br> v.<br><br>THE STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS, *et al*,<br><br>        Defendants. | Case No. 2:23-cv-02015-CDS-BNW<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF THE DEADLINE TO FILE DISPOSITIVE MOTIONS**<br><br>**[SECOND REQUEST]** |

Defendants, Antonio Bryant, Ivon Dubon, Calvin Johnson, and Gabriel Yanez, by and through counsel, Aaron D. Ford, Attorney General for the State of Nevada, and Kyle L. Hill, Deputy Attorney General, hereby move this Court for an extension of time to file their Motion for Summary Judgment. This is Defendants' second request for the subject extension.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND**

Undersigned counsel filed a Notice of Change of Deputy Attorney General on December 18, 2025, taking over the matter as the assigned deputy attorney general from the deputy who was previously assigned. When undersigned counsel took over responsibility for this matter, counsel already had a planned vacation for the second half

of January of 2026. Counsel for Defendants will be out of the state for roughly 10 days between January 20, 2026, and January 30, 2026, and will be unable to access case files necessary to draft Defendants' motion for summary judgment. As a result of this time period where counsel will be unable to work on the Motion for Summary Judgment, Counsel respectfully requests a brief extension of the deadline from February 2, 2026, to February 23, 2026, so that undersigned counsel will have sufficient time to draft the motion for summary judgment upon his return on February 2, 2026.

Defendants respectfully request a twenty-one (21) day extension or until **February 23, 2026**, to file their Motion for Summary Judgement.

## II.    LEGAL STANDARD

To prevail on a motion to extend scheduling order deadlines, the moving party must show "good cause." Fed. R. Civ. P. 16(b)(4); LR 26-3. To demonstrate good cause, the party must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-10-03997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). A district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

## III.    REASON FOR EXTENTION

Good cause is present to extend the MSJ deadline for Defendants. Due to undersigned counsel's extended absence in late January of 2026, Defendants request additional time for their Motion for Summary Judgment to be prepared once undersigned counsel returns on February 2, 2026. Further, as the undersigned counsel has only recently

taken over responsibility for this matter, this additional time upon undersigned counsel's return will allow sufficient time for the motion to be prepared and submitted by the proposed deadline. Accordingly, Defendants respectfully request that the extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

## IV.    CONCLUSION

Defendants respectfully request this Court extend the deadline for Defendants' MSJ. Defendant asserts that requisite good cause is present to warrant an extension of time. The request is timely. Therefore, the Defendants request additional time, up until **February 23, 2026**, to file their MSJ in this matter.

DATED this 13th day of January, 2026.

AARON D. FORD
Attorney General

By: /s/ Kyle L. Hill
KYLE L. HILL (Bar No. 16094)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED: January 28, 2026

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on 13th day of January, 2026, I electronically filed the foregoing **DEFENDANTS' MOTION FOR EXTENSION OF THE DEADLINE TO FILE DISPOSITIVE MOTIONS,** via this Court's electronic filing system.  Parties who are registered with this Court's electronic filing system will be served electronically.

C. Benjamin Scroggins, ESQ (Bar No. 7902)
The Law Firm of
C. Benjamin Scroggins, CHTD.
629 S. Casino Center Blvd.
Las Vegas, Nevada 89101
702-328-5550
info@cbscrogginslaw.com
*Attorney for Plaintiffs*

_____
An employee of the
Office of the Nevada Attorney General